# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

PAUL FOWLER, et al.,                                                                                    PLAINTIFFS

v.                                             3:12CV00228-BSM-JTK

RONNIE COLEMAN, et al.                                                                             DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.      **Introduction/Facts**

Plaintiffs Paul Fowler, Willie Wells, Timothy Mosley, and Shindid Braddock filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging unconstitutional conditions of confinement at the Crittenden County Detention Facility (Jail). The Court granted the Motions to Proceed in forma pauperis filed by Plaintiffs Fowler, Braddock, and Wells by Orders dated December 11, 2012, and January 8, 2013 (Doc. Nos. 10, 19).[1] However, finding their complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court directed Plaintiffs to amend

---

[1] Plaintiff Mosley was dismissed by Order dated December 19, 2012, for failure to prosecute (Doc. No. 11).

the Complaint (Doc. Nos. 10, 19). On January 8, 2013, following return of mail sent to Plaintiffs Fowler, Braddock, and Wells, the Court directed them to file notification of their current addresses and their intent to continue prosecution with the action within thirty days (Doc. No. 20). The copies of the Order sent to Plaintiffs Braddock and Fowler were returned as undeliverable (Doc. Nos. 26, 27). On February 5, 2013, Plaintiff Wells filed an Amended Complaint in accordance with the Court's January 8, 2013, and January 31, 2013 Orders (Doc. No. 31). In addition, on February 5, 2013, Plaintiff Braddock submitted a notice of change of address and a request for a copy of the Amended Complaint filed by Plaintiff Wells (Doc. No. 33). The copy of the Order sent to Plaintiff Braddock was returned to Sender on February 15, 2013 (Doc. No. 38), and as of this date, the Court has not received an Amended Complaint from either Plaintiffs Braddock or Fowler.

**II.   Screening**

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See

Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

### III. Analysis

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiffs must allege that a person acting under the color of state law deprived them of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). Since Plaintiffs Braddock and Fowler have not submitted an Amended Complaint in accordance with the Court's January 8, 2013 Order, and have not kept the Court apprised of their addresses as required by Local Rule 5.5(c)(2), the Court finds that they should be dismissed from this action for failure to prosecute.[2]

---

[2] Rule LR5.5(c)(2) of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas provides as follows:
> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case and to prosecute or defend the action diligently . . . . If any communication from the Court to a pro se plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. . . .

In addition, in the Amended Complaint filed by Plaintiff Wells on February 5, 2013, he does not include any allegations against originally-named Defendants Bonner, Mobley, and Childress. Therefore, the Court finds that these Defendants also should be dismissed from this action.

**IV.   Conclusion**

IT IS, THEREFORE, RECOMMENDED that Plaintiffs Fowler and Braddock be DISMISSED from this action, without prejudice.

IT IS FURTHER RECOMMENDED that Defendants Bonner, Mobley, and Childress be DISMISSED from this action, without prejudice.

IT IS SO RECOMMENDED this 20th day of February, 2013.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE